FILED
2012 Jul-11 AM 10:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **STEPHEN HEADRICK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No.: 2:10-CV-3372-VEH** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **COMMISSIONER,** ) | |
| **SOCIAL SECURITY** ) | |
| **ADMINISTRATION,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

Plaintiff Stephen Headrick ("Headrick") brings this action pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act. He seeks review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner" or "Secretary"), who denied his applications for Child's Insurance Benefits ("CIB") and Supplemental Security Income ("SSI").[1] Headrick timely pursued and exhausted his administrative remedies available before the

---

[1] In general, the legal standards applied are the same regardless of whether a claimant seeks CIB or SSI. However, separate, parallel statutes and regulations exist for CIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

Commissioner. The case is ripe for review pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act.[2]

## FACTUAL AND PROCEDURAL HISTORY

Headrick was a 19-year-old male at the time he applied for disability benefits, and he was 22 years old at the time of his hearing before the administrative law judge (hereinafter "ALJ"). (Tr. 12, 14). He has a limited education, having left school in the ninth or tenth grade, and can communicate in English. (Tr. 22, 77). He has no past relevant work experiences. (Tr. 21). Headrick claims he became disabled on January 1, 1995, due to legal blindness in his left eye, degenerative disc disease, scoliosis, shooting pain down his left leg, and asthma. (Tr. 17). He has not engaged in substantial gainful activity since the alleged onset date. (Tr. 14).

Headrick protectively filed concurrent applications for CIB and SSI on June 15, 2007. (Tr. 12, 140–44). His claims were denied by the Regional Commissioner on August 13, 2007. (Tr. 99–107). Headrick timely requested a hearing, which was held on October 6, 2009, in Birmingham, Alabama. (Tr. 12, 50–92). The ALJ concluded that Headrick was not disabled and issued his written decision denying his applications for benefits on November 2, 2009. (Tr. 12–23). The ALJ's decision

---

[2] 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

became the final decision of the Commissioner when the Appeals Council denied Headrick's request for review on October 13, 2010. (Tr. 1–3).

Headrick, proceeding *pro se*, filed his Complaint on December 7, 2010, which asks this court to review the ALJ's decision. (Doc. 1). The court issued a briefing letter to all parties on October 11, 2011. (Doc. 7). Headrick elected not to file any brief in support of his position on appeal. The Commissioner filed a brief in support of its position on December 27, 2011. (Doc. 8). This court has carefully considered the record and affirms the decision of the ALJ.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a

preponderance." *Id*. Factual findings that are supported by substantial evidence must be upheld by the court. The ALJ's legal conclusions, however, are reviewed *de novo*, because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. *Cornelius v. Sullivan*, 936 F. 2d 1143, 1145-46 (11th Cir. 1991).

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental

---

[3] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of April 1, 2007.

impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

>  (1) whether the claimant is currently employed;
>  (2) whether the claimant has a severe impairment;
>  (3) whether the claimant's impairment meets or equals an impairment listed by the Secretary;
>  (4) whether the claimant can perform her past work; and
>  (5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Id*.

## **FINDINGS OF THE ADMINISTRATIVE LAW JUDGE**

The ALJ found that Headrick had not engaged in substantial gainful activity from his alleged onset date of January 1, 1995. (Tr. 14). He also found that the medical evidence supported a finding that Headrick's impairments of left eye blindness, degenerative disc disease, chondromalacia patellae, and obesity were "severe" according to 20 C.F.R. § 404.1520(c) and 416.920(c). (*Id.*). The ALJ then concluded that those medically determinable impairments, in combination, do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security Regulations. (Tr. 15). The ALJ determined that Headrick had the residual functioning capacity ("RFC") to perform "light work"[4] with the following limitations: he can occasionally lift and carry twenty pounds; he can frequently lift and carry ten pounds; he can stand and walk six hours in an eight-hour workday; he can sit six hours in an eight-hour workday; he can occasionally balance, stoop, kneel, couch, crawl, and climb ramps and stairs; he cannot climb ladders, ropes, or scaffolds; he should not be exposed for concentrated amounts of time to extreme cold, environmental irritants (such as fumes, odors, dusts, gases, or poor ventilation), moving machinery, or hazardous heights; and his job should

---

[4] According to the Regulations, "light work" involves lifting no more than 20 pounds at a time and up to 10 pounds frequently. 20 C.F.R. § 416.967(b).

accommodate his monocular vision and resultant limitation in his depth perception and field of vision. (Tr. 16–17). Based on this RFC and the testimony of the vocational expert, and using the Medical-Vocational Guidelines (hereinafter "grids") at 20 C.F.R. Part 404, Subpart P, Appendix 2, as a framework for decisionmaking, the ALJ concluded that there were a significant number of jobs in the national economy that Headrick could perform, such as cashier, gate guard, surveillance system monitor, and switch board operator. (Tr. 22). Therefore, he concluded that Headrick was not disabled. (*Id.*).

Accordingly, the ALJ determined that Headrick was not eligible for CIB because he was not disabled under § 223(d) of the Social Security Act. Likewise, he was not eligible for SSI because he was not disabled under § 1614(a)(3)(A) of the Social Security Act. (Tr. 23).

## ANALYSIS

Keeping in mind the narrowly circumscribed scope of this court's review of the Commissioner's decision, the court has "scrutinize[d] the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. Based on its independent review, the court determines that the decision of the Commissioner is supported by substantial evidence and that proper legal standards were applied. Accordingly, the ALJ's

decision is due to be affirmed.

I.  **Substantial Evidence Supports the ALJ's RFC Determination**

Substantial evidence supports the ALJ's determination that Headrick had the RFC to perform a limited range of light work. The ALJ described in detail the claimant's alleged symptoms and the extent to which he accepted them as consistent with the objective medical evidence and other evidence. (Tr. 16–21). The ALJ properly applied the relevant legal standards by using the two-step process of first determining whether there is an underlying medically determinable physical or mental impairment—i.e., an impairment that can be shown by medically acceptable clinical and laboratory diagnostic techniques—and, second, determining whether the impairment(s) could reasonably be expected to produce the claimant's pain or other symptoms. (Tr. 17). After discussing in depth Headrick's medical records, (Tr. 17–20), the ALJ concluded that "the claimant's subjective complaints are simply not substantiated by the objective medical records." (Tr. 21). He summarized:

> Diagnostic tests of [Headrick]'s back show only mild spinal irregularities (Exhibit 1F), and at his last visit with Dr. Bucco, which was less than two months before his hearing, he rated his pain as three on a scale from one to 10, exhibited negative straight leg raises, and reported that he was walking for exercise and had ordered a weight set to start working out. This evidence is not consistent with the claimant's allegations of disability. The records show improvement in [Headrick]'s medical condition, not worsening as he alleges. As such, I find [Headrick]'s allegations, and the supporting testimony of his parents, are

not fully credible to the extent that they are inconsistent with the [RFC] assessment determined in this decision.

(Tr. 21).

The court has reviewed Headrick's subjective complaints that he is unable to work due to left eye blindness (Tr. 58), degenerative disc disease (Tr. 59), scoliosis (Tr. 60), asthma (Tr. 61), and anxiety (Tr. 73). However, upon reviewing the documented medical evidence, the court finds that the ALJ's determination that Headrick can perform a limited range of light work is substantially supported. More specifically, as to the left eye blindness, there is limited supportive medical evidence indicating that Headrick's vision is a disabling or vocationally limiting condition. (*See, e.g.,* Tr. 206, 226, 227, 248). In fact, medical records from Dodge City Medical Clinic on August 13, 2009, reflect that Headrick "[d]enies . . . vision problems." (Tr. 251). The ALJ noted the paucity of evidence concerning Headrick's eyesight limitations, but he accepted Headrick's subjective allegations for the purposes of his decision and "incorporated limitations resulting therefrom in [his] assessment of [Headrick]'s [RFC]." (Tr. 20–21). Accordingly, the ALJ limited Headrick's RFC to work that allows for monocular vision. (Tr. 17).

Concerning Headrick's history of degenerative disc disease and scoliosis, and attendant back pain, the most recent medical records indicate that Headrick's back

problems have been improving. For instance, on physical exam in May of 2007, one of Headrick's primary treating physicians, Dr. Kammerman, observed that Headrick "doesn't really have weakness" and that "his gait looks good." (Tr. 19, 221). Similarly, in June 2007, Dr. Kammerman noted that Headrick "ambulates well" and exhibited "normal strength and reflexes in the right lower limb without sensory loss" despite Headrick's complaints of pain and tingling in that area. (Tr. 19, 219). Dr. Bucco, another of Headrick's treating physicians, also noted significant improvement of Headrick's back condition between March 2009 and August 2009. (*See* Tr. 19, 251–65). On August 13, 2009, records from Dodge City Medical Clinic state that Headrick "complains of pinching pain in back," but notes that "[p]ain medication helps with pain management," and that "[patient]'s pain has been controlled under current strategy." (Tr. 251). The same record reported that Headrick was "trying to perform low impact exercise in the form of walking," that Headrick is "[a]ble to perform the activities of daily living," and that he had "[n]o leg pain with walking." (*Id.*).

As to Headrick's asthma condition, the ALJ correctly noted that Headrick was strongly urged to use Advair as prescribed, and that he was advised to quit smoking, but despite these recommendations, Headrick was "not ready" to do so and continued to smoke up to a pack of cigarettes a day. (Tr. 15, 206, 208, 227). In addition, Dr.

Kathleen Lewis noted on March 6, 2006, that Headrick was not taking the Advair twice a day as prescribed. (Tr. 15, 208).

And finally, as to Headrick's allegations of social anxiety, the medical evidence does not support a finding that his anxiety is a demonstrable disabling limitation. As the ALJ noted, Headrick has not received any documented mental health treatment and "no medications have been prescribed for psychologically-based symptoms." (Tr. 15). Moreover, the record includes several notations of normal mental status findings. (*See, e.g.,* Tr. 230, 252, 255, 258, 261, 264).

Additionally, the ALJ addressed and considered several other conditions that Headrick did not address in his testimony or disability applications, but which appear in his medical records. For instance, the ALJ discussed Headrick's diagnosis of obesity, as well as a documented knee impairment. (Tr. 20). Neither of those conditions, however, resulted in any documented functional limitations that would limit Headrick to a more restricted RFC. For all these reasons, the ALJ's RFC assessment was substantially supported by the record and correctly determined under the proper legal standards.

**II. The ALJ Properly Rejected The Consultative Examiner's Opinion Because It Was Inconsistent With The Findings of the Treating Physicians**

The ALJ gave "significant weight" to the opinions of Dr. Finley, a state agency

medical consultant, which concluded that Headrick could perform a limited range of light work. (Tr. 21, 241–49).  The ALJ found Dr. Finley's records to be "consistent with the evidence as a whole" and "based on a thorough evaluation of the record." (Tr. 21). Unlike Dr. Finley's records, however, the ALJ rejected the opinion of consultative examiner Dr. Datta because it was inconsistent with the findings of the treating physicians. (*See, e.g.,* Tr. 21, 226–31). The ALJ also noted that Dr. Datta did not receive any medical information from Headrick's treating physicians before giving his opinion. (Tr. 21, 226). The Eleventh Circuit has held that substantial weight must be given to the opinion of a treating physician in determining disability. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Eleventh Circuit has also explained that a physician's opinion may not be dismissed without good cause. *Id.* Good cause exists where the treating physician's opinion was not bolstered by the evidence, the evidence supported a contrary finding, or the treating physician's opinion was conclusory or inconsistent with the physician's own medical records. *Id.* Therefore, the ALJ properly articulated his concern that Dr. Datta inconsistently found Headrick more limited than the opinions of his treating physicians. (Tr. 21).

In sum, the court finds that substantial evidence supports each of the ALJ's findings and, therefore, he correctly concluded that Headrick was not disabled within the meaning of the Social Security Act.

## CONCLUSION

Based upon the court's evaluation of the evidence in the record and the submissions of the parties, the court finds that the Commissioner's final decision is supported by substantial evidence and applies the proper legal standards. Accordingly, the decision of the Commissioner will be affirmed by separate order.

**DONE** and **ORDERED** this the 11th day of July, 2012.

                                           **VIRGINIA EMERSON HOPKINS**
                                           United States District Judge